**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LOUIS RODRIGUEZ, SR., and LOUIS RODRIGUEZ, JR., <br><br> Plaintiffs, <br><br> v. <br><br> WASTE MANAGEMENT OF NEW JERSEY, INC., and ESMOND PATRAM, <br><br> Defendants. | Civil Action No. 24-5574 (JXN)(JBC) <br><br><br> **OPINION** |

**NEALS**, District Judge

This case is about subject matter jurisdiction. Plaintiffs Louis Rodriguez, Sr. ("Rodriguez Sr."), and Louis Rodriguez, Jr. ("Rodriguez Jr.") (collectively, "Plaintiffs") moved to remand this matter to state court. (ECF No. 7.) Magistrate Judge Clark issued a Report and Recommendation ("R&R") recommending the Court grant Plaintiffs' motion to remand. (ECF No. 15.) Defendant Waste Management of New Jersey Inc. ("Waste Management") objected to the R&R. (ECF No. 17.) Plaintiffs did not reply. The Court has carefully considered Judge Clark's R&R, Waste Management's objection, and the record, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court **ADOPTS** the R&R, **GRANTS** Plaintiff's motion to remand, and **REMANDS** this matter to state court.

---

[1] "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

I.    **BACKGROUND**

A.    **Statement of Facts**

Plaintiffs are white New Jersey residents of Puerto Rican descent. (*See* Compl. ¶¶ 3–4, ECF No. 1-2; Notice of Removal ¶¶ 8–9, ECF No. 1.) Waste Management is a Delaware corporation principally doing business in Texas. (Notice of Removal ¶¶ 13–14.) Defendant Esmond Patram ("Patram") is a black New Jersey resident. (*See* Compl. ¶ 21; Notice of Removal ¶¶ 18–27.[2])

Waste Management hired Rodriguez Sr. in 2000 as a mechanic's assistant and promoted him to a heavy equipment operator five years later. (Compl. ¶¶ 9–12.) Waste Management hired Rodriguez Jr. in 2022 as a laborer. (*Id.* ¶ 15.) Plaintiffs worked at Waste Management's Fairview garbage processing facility until their termination in August 2022. (*Id.* ¶¶ 2, 60.) Patram worked with Plaintiffs at the same facility. (*Id.* ¶ 6.)

Plaintiffs claim that Patram discriminated against them for being white and Puerto Rican. (*Id.* ¶¶ 17–19.) During their employment, Plaintiffs allege that Patram repeatedly made racially charged statements in the workplace, including referring to white employees as "white meat," threatening to punch a white employee in the face, and stating during a July 2022 breakroom incident: "I'm a black man. I can't see in the dark. I didn't know white meat burned." (*Id.* ¶¶ 22–25, 38–42.) According to Plaintiffs, white and Hispanic employees complained to supervisor Joe

---

[2] The Notice of Removal never actually claims Patram is a New Jersey resident. (*See* Notice of Removal.) Rather, it argues that Plaintiffs named Patram to deprive the Court of diversity jurisdiction and that the Court should disregard Patram's citizenship. (*See id.* ¶¶ 18–27.) The Court would only be deprived of diversity jurisdiction if the parties (a) were not completely diverse or (b) the amount in controversy was less than $75,000. 28 U.S.C. § 1332(a). Because Plaintiffs are New Jersey residents, the parties would not be completely diverse if Patram was also a New Jersey resident. Therefore, the Notice of Removal implies Patram is a New Jersey resident. The Court follows Waste Management's lead.

Skrenia ("Skrenia"), but Skrenia refused to act, stating "[Waste Management] does not want any problems involving Black employees." (*Id.* ¶ 20.)

Plaintiffs describe two workplace incidents involving Patram. The first occurred in June 2022. (*Id.* ¶¶ 30–37.) There, Patram allegedly pushed "too much garbage" toward Rodriguez Sr.'s truck, "blocking [Rodriguez Sr.] in." (*Id.* ¶¶ 32–33.) Rodriguez Sr. told Patram the wall of garbage prevented him from leaving his truck if a fire broke out. (*Id.* ¶ 33.) Rodriguez Sr. reported the incident to a supervisor, who called Rodriguez Sr. and Patram into a safety meeting. (*Id.* ¶ 34.) At the meeting, "things got heated," and Patram exclaimed "This is why I carry a blade!" (*Id.*) Plaintiff informed Skrenia of the incident, but Skrenia took no action against Patram. (*Id.* ¶¶ 35–37.)

The second incident took place in August 2022. (*Id.* ¶ 45.) Rodriguez Sr. and Patram were assigned to operate a garbage bucket loader. (*Id.* ¶¶ 46–48.) Rodriguez Sr. reported to the garbage bay. (*See id.*) Patram did not. (*Id.* ¶ 46.) Rodriguez Sr. tried to contact Patram several times for help with the bucket loader to no avail. (*Id.* ¶ 47.) When Patram eventually came to the garbage bay, Rodriguez Sr. asked Patram where he was; Patram replied that it was "none of [Rodriguez Sr.'s] business." (*Id.* ¶¶ 46–48.) When Rodriguez Sr. pressed the issue, Patram spun a bucket loader around, nearly striking Rodriguez Sr. (*Id.* ¶ 51.) Rodriguez Jr. pulled Rodriguez Sr. out of the way at the last second. (*Id.* ¶ 52.) Patram reported the incident to Skrenia. (*Id.* ¶ 53.) Skrenia advised Plaintiffs that the "issue would be handled." (*Id.* ¶ 54.)

Several hours later, Waste Management held a meeting with Plaintiffs and Patram. (*Id.* ¶¶ 55–56.) Plaintiffs were instructed to give statements; Patram was told to go home. (*Id.* ¶ 56.) Waste Management then suspended Plaintiffs "pending further investigation." (*Id.* ¶ 57.) Three weeks later, Waste Management fired Plaintiffs. (*Id.* ¶ 60.)

### B.    Procedural History

#### i.    *Notice of Removal*

On November 30, 2023, Plaintiffs sued Waste Management and Patram (collectively, "Defendants") in New Jersey Superior Court. (*See generally id.*) The Complaint includes claims for race discrimination and retaliation, both in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-12. (*See id.*)

On April 24, 2024, Waste Management timely removed to this Court. (*See* Notice of Removal.) Waste Management argued that removal was proper under 28 U.S.C. § 1332(a) because Plaintiffs and Waste Management were completely diverse (*id.* ¶¶ 8–15), and the amount in controversy exceeded $75,000. (*Id.* ¶¶ 28–38). Though Plaintiffs and Patram are New Jersey citizens, Waste Management argued the Court should disregard Patram's citizenship because Plaintiffs named Patram solely to deprive this Court of jurisdiction. (*Id.* ¶¶ 18–27.) In support of its fraudulent joinder theory, Waste Management asserted that Plaintiffs have no reasonable basis to state a viable NJLAD claim against Patram individually. (*Id.*)

On May 24, 2024, Plaintiffs moved to remand. (*See* Remand Mot., ECF No. 7.) They argued (1) Patram is an indispensable party under Rule 19 (Remand Moving Br. at 7–12, ECF No. 7-1); and (2) Waste Management failed to satisfy the heavy burden required to establish fraudulent joinder. (*Id.* at 16–18). Plaintiffs argued that joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant. (*Id.* at 16.) Plaintiffs contended that the Complaint is replete with specific, well-pleaded factual allegations against Patram individually, including that he directed racially derogatory language at Plaintiffs and other employees, created a hostile and at times physically dangerous work environment, and engaged in a sustained pattern of discriminatory and retaliatory conduct over the course of their

4

employment—all while Waste Management stood idle. (*Id.* at 17–18.) Thus, Plaintiffs argued they properly joined Patram and the Court must remand. (*Id.*)

Waste Management opposed. (WM Opp'n, ECF No. 9.) On the fraudulent joinder question, Waste Management argued that Plaintiffs failed to plead a colorable claim against Patram because only supervisors can be individually liable under the NJLAD, and the Complaint expressly identifies Patram as Plaintiffs' "co-worker"—not a supervisor. (*Id.* at 8.) Thus, Waste Management concluded that the absence of any supervisory allegations in the Complaint therefore forecloses any colorable claim against Patram as a matter of law. (*Id.* at 6–8.) Plaintiffs replied. (Pls.' Reply, ECF No. 11.)

### ii.    The R&R

Pursuant to Local Civil Rule 72.1(a)(2), this Court referred the remand motion to Magistrate Judge Clark. On November 26, 2024, Judge Clark issued an R&R recommending the Court grant the remand motion. (R&R, ECF No. 15.) Judge Clark first stated that removal based on diversity jurisdiction requires complete diversity of citizenship. (*Id.* at 4.) Judge Clark explained the fraudulent joinder doctrine is an exception to the complete diversity requirement, allowing the Court to ignore a non-diverse defendant's citizenship where "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." (Id. at 5–6 (quoting *Mersmann v. Continental Airlines*, 335 F. Supp. 2d 544, 548 (D.N.J. 2004)).) Judge Clark further remarked that for a claim to lack a colorable basis, it must be "wholly insubstantial and frivolous." (*Id.* at 6 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)).) And, Judge Clark noted that, for the purposes of analyzing fraudulent joinder, the Court takes the factual allegations in the complaint as true and resolves all doubts in the plaintiff's favor. (*Id.* (citing

5

*Sanchez v. L3 Harris Techs. Inc.* ("*Sanchez II*"), No. 20-5555, 2021 WL 4810780, at * 2 (D.N.J. Oct. 14, 2021)).)

Turning to the merits, Judge Clark rejected Waste Management's argument that Patram was fraudulently joined because he could not face NJLAD individual liability. (*Id.* at 7–8.) Relying on this Court's decision in *Sanchez II*, Judge Clark observed that the New Jersey Supreme Court has not squarely resolved whether a non-supervisory co-worker may be held individually liable for aiding and abetting under the NJLAD, and that a split of authority exists among decisions of this District on that question. (*Id.*) Because ambiguities in the law must be resolved in Plaintiffs' favor at the fraudulent joinder stage, Judge Clark concluded that the claims against Patram are "at least colorable at this stage of the litigation" and that, while it may be more difficult for Plaintiffs to establish aiding and abetting liability against a co-worker, it is not impossible. (*Id.* at 7–8.) Judge Clark further noted that in *Caggiano v. Fontoura*, 354 N.J. Super. 111 (App. Div. 2002), the Appellate Division permitted an aiding and abetting claim to proceed against a non-supervisory co-worker under the NJLAD, reinforcing the conclusion that the claim is not wholly frivolous. (*Id.* at 8 n.2.) Accordingly, Judge Clark determined that Waste Management failed to meet the heavy burden required to establish fraudulent joinder, that the Court lacks subject matter jurisdiction over the removed action, and recommended remanding the case to state court. (*Id.* at 8–9.)

Waste Management timely objected to the R&R. (WM Objs., ECF No. 17.) Waste Management principally argues that Judge Clark failed to apply binding precedent that forecloses any colorable NJLAD claim against co-workers. (*Id.* at 3–6.) Specifically, Waste Management argued that the Third Circuit's decision in *Hurley v. Atlantic City Police Department*, 174 F.3d 95 (3d Cir. 1999), directly controls the question presented: the Third Circuit held there that, as a prediction of New Jersey law, a nonsupervisory employee cannot be held liable as an aider and

6

abettor for his own affirmative acts of harassment, because such acts do not substantially assist the employer in its wrong. (*Id.* at 4–6.) Waste Management contended that this Court is bound by that prediction unless and until the New Jersey Supreme Court takes a contrary position, and that the New Jersey Supreme Court's subsequent decision in *Tarr v. Ciasulli*, 181 N.J. 70 (2004), which itself relied on *Hurley*, is consistent with, rather than a departure from, that holding. (*Id.*) Waste Management argued that Plaintiffs' own Complaint identified Patram as a co-worker with no supervisory authority, and thus, there is no reasonable basis in fact or colorable ground supporting the NJLAD claim against him, and that his citizenship must be disregarded for purposes of the diversity analysis. (*Id.*)

## II.    LEGAL STANDARD

### A.    Standard of Review for R&Rs

When addressing "dispositive" motions, such as a motion to dismiss, a magistrate judge submits an R&R to this Court. *See* 28 U.S.C. § 636(b)(1)(A); Rule 72; L. Civ. R. 72.1(a)(2). The Court may then "accept, reject, or modify, in whole or in part," the Magistrate Judge's findings or recommendations, "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); *see also* L. Civ. R. 72.1(c)(2). The Court reviews *de novo* any portion of an R&R on a dispositive motion to which a litigant has timely objected. *See* 28 U.S.C. § 636(b)(1)(C); Rule 72(b); L. Civ. R. 72.1(c)(2); *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); *Zinberg v. Wash. Bancorp, Inc.*, 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a *de novo* review of the parts of the report to which the parties object).

**B.      Motion to Remand**

28 U.S.C. § 1441(a) allows defendants to remove "any civil action" filed in state court over which a federal court would have had original jurisdiction. Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "possess only that power authorized by Constitution and statute." *Id.* Federal courts may hear matters arising under federal law, 28 U.S.C. § 1331, and actions between citizens of different states where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a).

"When a plaintiff moves for a remand to state court, the removing party must show removal was proper." *Verdone v. Rice & Rice, PC*, 724 F. Supp. 3d 366, 379 (D.N.J. 2024). The Court strictly construes removal statutes against removal and resolves all doubts in favor of remand. *Id.* (citations omitted). And the Court assumes as true "all factual allegations of the complaint." *Id.* (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

## III.    <u>DISCUSSION</u>

§ 1331 confers jurisdiction over cases where "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This case pleads only NJLAD claims. So, jurisdiction does not arise under § 1331.

§ 1332(a) empowers federal courts to hear matters between completely diverse parties where the amount in controversy exceeds $75,000. Complete diversity means "no plaintiff [is] a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Plaintiffs are New Jersey citizens. Waste Management is a Delaware and Texas citizen. *Id.* ("A corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business."). But Patram is a New Jersey citizen. Because Plaintiffs are citizens of the same state as a Defendant, the parties are not completely diverse.

The fraudulent joinder doctrine is an exception to the complete diversity requirement. *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). If a case has both diverse and non-diverse defendants, the diverse defendant "may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Id.* at 216. This is "a very high bar." *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 133 (3d Cir. 2022). "Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Id.* (quoting *Batoff*, 977 F.2d at 851). "But, if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Batoff*, 977 F.2d at 851). The Court "must assume as true all factual allegations of the complaint" and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *In re Briscoe*, 448 F.3d at 217.

Waste Management argues that no reasonable basis supports Plaintiffs' NJLAD claim against Patram because Patram was a coworker, not a supervisor. The NJLAD "prohibits unlawful employment practices and unlawful discrimination by an employer." *Tarr*, 181 N.J. at 82. The NJLAD also makes it unlawful "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the NJLAD], or to attempt to do so." N.J.S.A. 10:5-12(e). The NJLAD's definition of "employer" does not include "an individual supervisor." *Tarr*, 181 N.J. at 83. "Instead, individual liability of a supervisor for acts of discrimination or for creating or maintaining a hostile environment can only arise through the 'aiding and abetting' mechanism that applies to 'any person.'" *Cicchetti v. Morris Cnty.*

9

*Sheriff's Off.*, 194 N.J. 563, 594 (2008) (quoting N.J.S.A. 10:5–12(e)). To hold an employee liable

as an aider or abettor, the plaintiff must show:

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation.

*Id.* (alteration in original) (quoting *Tarr*, 181 N.J. at 82).

Waste Management, however, argues that aiding and abetting liability does not extend to

non-supervisory employees. It cites to *Hurley*, wherein the Third Circuit predicted that:

> [U]nder New Jersey law, a nonsupervisory employee cannot be held liable as an aider and abettor for his own affirmative acts of harassment, because such affirmative acts do not substantially assist the employer in *its* wrong, which is its failure to prevent and redress harassment by individual employees. Rather, a nonsupervisory employee's harassment takes advantage of the employer's wrongful conduct; it is the employee who seems to be "aided and abetted" by the employer. A supervisor, by contrast, may be liable as an aider and abettor for active harassment or knowing and willful inaction, because in either case the supervisor violates his or her duty as a supervisor to prevent and halt harassment.

174 F.3d at 129. Thus, according to Waste Management, NJLAD liability does not extend to a

coworker like Patram, and Plaintiffs had no reasonable basis to join Patram in this action.

The Court disagrees. Joinder is not fraudulent if there is "a *possibility* that a state court

would find that the complaint states a cause of action." *Avenatti*, 41 F.4th at 133 (quoting *Batoff*,

977 F.2d at 851). The Court must "resolve any uncertainties as to the current state of controlling

substantive law in favor of the plaintiff." *In re Briscoe*, 448 F.3d at 217.

There are uncertainties about the state of controlling law for NJLAD non-supervisory

liability. As other courts in this District have observed, there is a post-*Hurley* "split in authority as

to whether liability for aiding and abetting NJLAD violations may be imputed to non-supervisory

employees." *Daniels v. Weiser Sec. Servs., Inc.*, No. 24-10772, 2025 WL 2176790, at *4 (D.N.J.

July 11, 2025) (collecting cases), *report and recommendation adopted,* 2025 WL 2172524 (D.N.J.

July 29, 2025). This "split in authority alone precludes a finding" that Plaintiffs fraudulently joined Patram. *Sanchez II*, 2021 WL 4810780, at *3 (quoting *Vazquez v. Karcher N. Am., Inc.*, No. 13-3817, 2013 WL 5592369, at *3 (D.N.J. Oct. 8, 2013)). Moreover, the New Jersey Supreme Court has never "squarely addressed" the issue of non-supervisory employee liability under the NJLAD. *Sanchez v. L3Harris Techs., Inc.*, No. 20-5555, 2020 WL 6867166, at *3 (D.N.J. Nov. 23, 2020). And the New Jersey Appellate Division recently held that "an individual need not be a supervisor for aiding and abetting liability to attach under the NJLAD." *Andreula v. Bd. of Educ. of Nutley*, No. A-2397-22, 2024 WL 5219448, at *9 (N.J. Super. Ct. App. Div. Dec. 26, 2024).

The Court resolves these uncertainties in Plaintiffs' favor. *In re Briscoe*, 448 F.3d at 217. Accordingly, a state court *could* find the Complaint states an NJLAD claim against Patram.[3] *Avenatti*, 41 F.4th at 133 (quoting *Batoff*, 977 F.2d at 851). Because Waste Management does not meet the "very high bar" of proving fraudulent joinder, the Court may not disregard that Patram and Plaintiffs live in New Jersey. *Id.* Thus, the Court lacks subject matter jurisdiction under § 1332(a). As the Court has no other basis to exercise jurisdiction, the Court **adopts** Judge Clark's R&R (ECF No. 15) and **grants** Plaintiffs' motion to remand (ECF No. 7).

---

[3] Waste Management argues that, because Third Circuit predictions of state law are binding on this Court, *Hurley's* prediction controls. This argument answers the wrong question.

To be sure, Third Circuit predictions of state law are "generally binding on the district court." *Robinson v. Kia Motors Am., Inc.*, No. 13-006, 2015 WL 5334739, at *8 (D.N.J. Sept. 11, 2015). But fraudulent joinder does not ask whether Plaintiffs can establish NJLAD liability against Patram in *this* Court. The doctrine asks whether Plaintiffs could possibly do so in *state* court. *Avenatti*, 41 F.4th at 133. Third Circuit decisions do not bind state courts. *Allstate N.J. Ins. Co. v. Carteret Comprehensive Med. Care, PC*, 480 N.J. Super. 566, 590 (App. Div. 2025). And while the New Jersey Supreme Court used *Hurley* to define aiding and abetting liability, it has never adopted *Hurley's* rule against non-supervisory liability. *See, e.g.*, *Tarr*, 181 N.J. at 82–85. Therefore, *Hurley* does not defeat the possibility that a *state court* could find the Complaint advances a claim against Patram.

11

**IV.    CONCLUSION**

For the foregoing reasons, Judge Clark's R&R (ECF No. 15) is **ADOPTED**; Plaintiffs'

motion to remand (ECF No. 7) is **GRANTED**; and this matter is **REMANDED**. An appropriate

Order accompanies this Opinion.

**DATED: 7/9/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**